In June, 1859, Thomas Wynne intermarried with Sarah (338) Slaughter, but before the marriage they executed to the defendant, in trust for the separate use of the wife, a deed of marriage settlement, conveying all her estate, which consisted of slaves, to the defendant. The deed was executed by the parties previously to the marriage; by the defendant Bowen in the presence of one Bennett, a subscribing witness, and by the others in the presence of A. G. Britt, who also became a subscribing witness. After the marriage the deed was acknowledged by all the parties in the presence of H. A. Gilliam, who then became a subscribing witness, and upon his oath before a *Page 262 
judge of the Superior Court it was ordered to be registered, and was registered in the office of the county of Hertford within six months after its execution.
Sarah Slaughter was under age at the time of her marriage, and lived in the county of Hertford. Wynne, the husband, had up to the marriage resided and done business in Hertford, but the defendant Bowen resided at that time in Washington County, and immediately after the marriage the husband and wife removed to the county of Washington, where they continued to reside, boarding with the defendant Bowen till the bringing of this suit.
The plaintiff was the sheriff of Washington County, and having in his hands executions against the husband, Thomas Wynne, levied the same on certain slaves (the subject of this controversy) as the property of the husband. These slaves had been conveyed to the defendant in the deed of marriage settlement, and having afterwards come to the hands of the defendant, he refused to let the plaintiff take them. Thereupon this action was brought, and the only question before this Court is whether the deed of marriage settlement had been proved and registered within the six months prescribed by the act of Assembly. It was agreed that a verdict should be taken, subject to the opinion of the court upon the point of law, with power to order a nonsuit in case he should be in favor of the defendant.
The court, on consideration of the point reserved, nonsuited (339) the plaintiff, who appealed.
The case depends upon the sufficiency of the registration of the deed under which the defendant claims.
Two objections are made to it: 1. "It ought to have been registered in the county of Washington." We think it was properly registered; in the county of Hertford because Mrs. Wynne, who conveyed the slaves in trust for herself, resided in that county at the date of the execution of the deed, and the slaves were hired out in that county by her guardian. Marriagesettlements are required to be registered, "in the same manner as deeds for lands," within six months. Rev. Code, ch. 37, sec. 24. Where a slave is the subject of a settlement, this reference to deeds for lands is not apposite, but still the statute so provides, and the construction must be — in the county where the property is situate, as in the case of deeds for land. If an analogy be drawn from the other sections of the statute, as this deed was for the benefit of the maker, it resembles more a deed of trust or mortgage than a bill of sale for valuable consideration, and *Page 263 
section 22 requires the former to be registered in the county where "the donor, bargainor, or mortgagor resides," while section 20 requires the latter to be registered in the county where the purchaser resides. So, both in reference to the county where the property was situate, and where the maker of the deed, who was entitled to the beneficial ownership, resided, Hertford was the proper county.
2. "As Gilliam did not attest the deed until after the marriage, he was not a subscribing witness in respect to Mrs. Wynne, within the meaning of the statute, and therefore the probate by him did not support the order of registration."
We admit the proposition, but do not concur in the conclusion drawn from it. Had there been no subscribing witness at the time the deed was executed, we conclude it would have been inoperative; but as there was two such witnesses, and they proved its execution (340) on the trial, we think it passed the title, and that the registration was sufficient. The argument urged against it was this: A married woman has not capacity to execute a deed; therefore, she has not capacity to acknowledge the execution of one. If the purpose of the acknowledgement was to give legal existence to the deed, or to add in any way to its legal effect, this would be a logical conclusion; but where there has been a complete execution of the deed before marriage, it is anon sequitur that she has not capacity to acknowledge its previous execution. It is true, a wife cannot give evidence for or against her husband, and, as a general rule, her declarations or admissions cannot be given in evidence for or against him, as if he be sued for a trespass committed by her, or slanderous words which she may have uttered, her subsequent admissions, we presume, would not be evidence against him; but that is a different question from the one now before us. As respects the husband, the acknowledgment of the wife was made in his presence, and by his consent, and, as respects her, it was, obviously, on the side of her interest, which repels all idea of restraint, and the question is, simply, when a deed has been duly executed, may not a wife, in the presence of the husband, acknowledge its execution for the mere purpose of registration, in order to save the trouble and expense of sending for the subscribing witnesses? We can see no objection to it, and in the absence of authority, must conclude there is none; for, assuming the deed to have been duly executed before the marriage (as was proved in this case), the title had passed, so that the husband had no interest, and the law does not presume that a woman loses her memory by getting married. A wife has capacity to make a will of personalty, with the consent of her husband; so she may convey real estate, a privy examination being required to guard against constraint; *Page 264 
and if a woman, before marriage, execute a deed for land, we suppose she may, after marriage, acknowledge its execution, at least for (341) the purpose of registration, without a privy examination. Her incapacity to make a contract, except as the agent of her husband, or to convey personal estate, arises from the fact that all of her rights are vested in him, and she has no property of that kind to deal with. But there is another ground in support of the registration, which seems to be conclusive. If a deed be put on the books of the register without probate and an order of registration, it amounts to nothing. Williamsv. Griffin, 4 N.C. 31. But if there be a probate and order of registration by competent authority, and the proceeding upon its face is regular and in due from, the registration is valid, for the mere purpose of registration, although the witness who proved the execution of the deed was incompetent. McKinnon v. McLean, 19 N.C. 79. This decision is put on the ground that such registration gives the notice designed for creditors and purchasers, and as every object of the law is answered, a proceeding before competent authority and in due from ought not to be vitiated by proof, aliunde, of a fact which shows the proceeding to have been erroneous, provided the execution of the deed be proved at the trial.
In our case everything is regular on the face of the proceeding, and on the authority of McKinnon v. McLean, we are of opinion that the registration cannot be vitiated by going behind it and proving a fact from which it appears the witness Gilliam, although a subscribing witness according to the face of the paper, was not so within the meaning of the statute. Of course, the principle is confined to the mere act of registration, and cannot be extended so as to allow a deed to be read in evidence at the trial without proof of its execution.
Carrier v. Hampton, 33 N.C. 307, does not conflict with McKinnonv. McLean, or with the decision in this case, for the opinion that the registration of the deed in that case was insufficient is put on the ground that the defect in the probate appeared on its face; and supposing the registration to be sufficient in respect to the mere ceremony of (342) registration, as the object of giving notoriety was answered, still such registration was not sufficient to dispense with proof of the execution of the deed at the trial.
PER CURIAM. Affirmed.
Cited: Holmes v. Marshall, 72 N.C. 40; Mabe v. Mabe, 122 N.C. 555. *Page 265